[No. 8931.  Department One.  December 12, 1910.]

GERTRUDE BARNUM, *Respondent*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

APPEAL—REVIEW — VERDICT — DAMAGES — EXCESSIVE VERDICT. A verdict for $3,500 will not be disturbed as excessive, where there was a conflict in medical evidence, and the testimony of certain witnesses, if believed, would warrant the verdict.

Appeal from a judgment of the superior court for King county, Albertson, J., entered February 1, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger through a collision of street cars. Affirmed.

*Morris B. Sachs*, for appellant.
*Hastings & Stedman*, for respondent.

FULLERTON, J.—The respondent was injured while riding as a passenger upon one of the appellant's cars, and recovered therefor in this action in the sum of $3,500. The appellant admits its liability for the accident causing the injury, and its liability to respondent in damages for such injury as was actually suffered by the respondent, but contends that the

[1]Reported in 112 Pac. 85.

verdict of the jury and judgment entered thereon are grossly excessive when measured by such actual injury.

The respondent, at the time of the accident, was riding in the car near the door, in the partition which divides the car into compartments. She was standing up, bracing herself against the side of the door, as the car was so crowded she could not find a seat. As she was in that position, the car met with a head-on collision with another car of the appellant. The shock threw her violently against the door, from which position she fell to the floor and was trampled upon by other passengers.

That the respondent received some severe bruises from the accident and was under the doctor's care for some time thereafter is conceded, the principal dispute being over the question whether the injuries received were of a permanent nature, and were the proximate cause of the apparent arrested development from which the respondent subsequently suffered. On these questions the medical evidence is squarely in conflict. If that offered on behalf of the respondent is to be believed, the amount awarded by the jury is no more than adequate to compensate her for her suffering and injury. On the other hand, if we were to adopt the theory of the appellant's witnesses, it could well be said the damages are excessive. But these matters this court cannot determine with any certainty from the record. Each is supported by evidence and plausible reasoning. We can do no more, therefore, than abide by the verdict of the jury.

The judgment is affirmed.

Rudkin, C. J., Gose, Mount, and Parker, JJ., concur.